**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**STATE OF MINNESOTA by its Attorney General, Mike Hatch,**

Plaintiff,

v.

**SUNBELT COMMUNICATIONS AND MARKETING, LLC d/b/a Sunbelt Communications, d/b/a Sunbelt Marketing; and LARA HORNE ALBRECHT, individually, and as President of Sunbelt Communications and Marketing, LLC,**

Defendants.

Civil No. 02-770 (JNE/JGL)

**REPORT AND**

**RECOMMENDATION**

---

APPEARANCES

Catherine Powell, Esq., for Plaintiff State of Minnesota

Mary Wymore, Esq., for Defendants appearing by telephone

---

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Chief Magistrate Judge of District Court on November 6, 2003 on Plaintiff's Motion for Judgment by Default (Doc. No. 53). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

Plaintiff State of Minnesota brings this Motion for Judgment by Default against Defendants (collectively, "Sunbelt") for failure to produce

FILED NOV - 6 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD_______
DEPUTY CLERK_______

documents by October 19, 2003. The Motion is supported by: (1) Memorandum in Support of Order for Judgment by Default; (2) Affidavit of Catherine M. Powell; (3) Rule 37(a)(2)(B) Certificate of Catherine M. Powell submitted in support of the State's Motion for an Order Compelling Defendants' Production of Documents; (4) (Revised) Order for Judgment by Default; (5) Affidavit of Debra Strafaccia; and (6) Supplemental Affidavit of Debra Strafaccia filed in support of the State's Motion for Preliminary Injunction.

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for Judgment by Default (Doc. No. 53) should be **GRANTED** and judgment in favor of the State be entered:

(1) Declaring that Sunbelt's acts described in this Complaint constitute multiple, separate violations of 47 U.S.C. § 227(b)(1)(C);

(2) Enjoining Sunbelt and Sunbelt's employees, officers, directors, independent contractors, agents, successors, assignees, affiliates, merged or acquired predecessors, parent or controlling entities, subsidiaries, and all other persons acting in concert or participation with it from:

a. Sending unsolicited facsimiles for commercial purposes to persons in Minnesota who have not provided Sunbelt prior express invitation or permission unless it maintains documentation evidencing the express prior invitation or

permission of every person in Minnesota to whom it sends a fax advertisement, whether the fax advertisement is sent on Sunbelt's own behalf or on behalf of another person or entity;

b. Entering into, forming, organizing or reorganizing into any partnership, corporation, sole proprietorship or any other legal structure for the purpose of avoiding compliance with the terms of the Orders in this case; and

c. Violation 47 U.S.C. § 227(b)(1)(C) in any other manner in the State of Minnesota;

(3) Awarding judgment against Sunbelt of a stayed civil penalty of $5,000,000 to be entered against Sunbelt upon a Court Order finding that Sunbelt has violated Paragraph 2 of this Order or 47 U.S.C. § 227 in the State of Minnesota.

Dated: November 6, 2003

JONATHAN LEBEDOFF
Chief United States Magistrate Judge

Under D. Minn. LR 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving all parties by NOV. 25, 2003, a writing which specifically identifies those portions of this Report to which objections are being made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.

For Immediate Release
October 30, 2003

# PRESS RELEASE

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
300 South Fourth Street, Suite 202, Minneapolis, Minnesota
Contact: Richard D. Sletten, Clerk, (612) 664-5026

## FEDERAL COURT AMENDS LOCAL PRACTICE RULES

The U.S. District Court for the District of Minnesota announces the approval, of amendments to its local rules of practice recommended by the Court's Federal Practice Committee chaired by Minneapolis Attorney Jeff Keyes of the Briggs and Morgan law firm.

Local Rules 67.1 and 83.11 amendments:

### LR 67.1 MONEY PAID INTO COURT

Unless otherwise ordered by the Court, all monies coming into the registry of this Court shall be deposited in an interest bearing account in a depository approved by the Treasurer of the United States, subject to withdrawl by checks drawn by the Clerk of Court pursuant to orders of the Court. The Clerk of Court shall deduct from the income earned on the investment a registry fee, as set by the Director of the Administrative Office of the United States Courts. The fee will be deducted when funds are withdrawn and distributed. For further registry fee information, refer to the Guide to Judiciary Policy and Procedures Chapter VII, Financial Management, Part I, Registry Funds.

### LR 83.11 DIVISIONS, OFFICES OF THE CLERK, CALENDARS

(a) Divisions. The State of Minnesota constitutes one judicial district, divided into six divisions. Cases in this District are assigned to particular divisions and particular judges pursuant to the Order for Assignment of Cases that has been adopted by the Judges of the District Court. The Order for Assignment of Cases may be modified from time to time as the District Court Judges see fit.

(b) Offices of the Clerk. The Clerk of Court maintains offices in St. Paul, Minneapolis, and Duluth. The St. Paul, Minneapolis and Duluth offices are open from 8:00 a.m. to 5:00 p.m. All offices are open Monday through Friday, with the following exceptions: New Year's Day; Martin Luther King, Jr.'s Birthday; President's Day; Memorial Day; Independence Day; Labor Day; Columbus Day; Veterans Day; Thanksgiving Day; and Christmas Day.

The files for matters pending before the Court are maintained in the office in the division to which the case is assigned. However, papers relative to any case may be filed in any office.

(c) Calendars. The Court operates on an individual calendar system. Judges in active service are assigned and assume responsibility for their proportionate share of the total cases filed in the district. Inquiries as to motions, probable trial date, or other matters having to do with a particular case may be addressed to the deputy clerk serving as calendar clerk for the Judge to whom the case has been assigned.